Filed 11/22/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| STATE OF CALIFORNIA ex rel. EDGAR CISNEROS, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ALCO HARVEST, INC., et al., <br><br> Defendants and Appellants. <br> ———————————————— | 2d Civil No. B327137 <br> (Super. Ct. No., 20CV-0095) <br> (San Luis Obispo County) |
| JESUS GUZMAN, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ALCO HARVESTING LLC et al., <br><br> Defendants and Appellants. | (Super. Ct. No. 21CV00299) <br> (Santa Barbara County) |

| | |
|---|---|
| LILIA GARCIA-BROWER, as Labor Commissioner, etc., et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> ALCO HARVESTING LLC et al., <br><br> Defendants and Appellants. | (Super. Ct. No. 21CV02855) <br> (Santa Barbara County) |

The H-2A Temporary Agricultural Program allows employers to recruit foreign agricultural workers when the domestic labor market cannot meet employers' needs. The United States Department of Labor (DOL) must certify an employer's participation in the H-2A program. This process requires the employer, among other things, to submit a "job order" describing "the material terms and conditions" of the jobs for which it seeks foreign workers.

Plaintiff and respondent Jesus Guzman is a foreign worker hired by defendant and appellant Alco Harvesting LLC to work at farms owned by defendant and appellant Betteravia Farms.[1] He later brought employment claims against appellants. Alco moved to compel arbitration pursuant to an arbitration agreement presented to and signed by Guzman at his orientation. The trial court found the agreement void and denied the motion.

---

[1] We refer to appellants Betteravia Farms LLC, Betteravia Investments LLC, Bonita Packing Co., and Grubstake Investments LLC collectively as "Betteravia Farms."

2

It considered arbitration a "material term and condition" of Guzman's employment, and as such, a job requirement that Alco should have disclosed during the H-2A certification process.

We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Betteravia contracted with Alco to provide labor services for its produce farms. Guzman is a citizen of Mexico recruited and hired by Alco under the H-2A program. He entered the United States under an H-2A work visa in early 2020 and worked for two growing seasons at Betteravia farms in Yuma, Arizona and Santa Maria, California. Guzman returned to Mexico in July when he contracted COVID-19.

Guzman filed this action asserting individual employment claims and a Private Attorney General Act (PAGA) claim. The Labor Commissioner filed an enforcement action arising from the same alleged violations. The trial court consolidated the cases for all purposes at the request of the Labor Commissioner.[2]

Alco moved to compel arbitration of Guzman's claims pursuant to a written agreement he and other workers signed in Mexico during their orientation. The trial court denied the motion. It noted Alco had not listed mandatory arbitration as one of the material terms of employment when it sought DOL certification to hire Guzman and other temporary workers under the H-2A program. This violated federal regulations requiring

---

[2] The trial court consolidated these with a third action filed by respondent Edgar Cisneros. Cisneros later agreed to dismiss all his claims except those brought under PAGA. Alco and Betteravia seek no relief as to Cisneros in this appeal. Cisneros requests we affirm the trial court but does not address the merits of the appeal in his brief.

disclosure of such terms and prevented Alco and Betteravia from enforcing any subsequent arbitration agreement imposed on the workers. The trial court also denied their request to stay the Labor Commissioner's action pending arbitration.[3] Alco and Betteravia appeal both orders.

## DISCUSSION

### Standard of Review

The trial court found the arbitration agreement violated federal regulations as a matter of law. We review de novo whether Guzman must arbitrate his claims. (See *Mendez v. Mid-Wilshire Health Care Center* (2013) 220 Cal.App.4th 534, 541 ["'Ordinarily, we review a denial of a petition to compel arbitration for abuse of discretion. [Citation.] However, where the trial court's denial of a petition to arbitrate presents a pure question of law, we review the order de novo.'"].)

### H-2A Temporary Agricultural Program

The H-2A program allows employers in the agricultural sector to hire temporary foreign workers when "there are not sufficient [domestic] workers who are able, willing, and qualified, and who will be available at the time and place needed, to perform the labor or services." (8 U.S.C. § 1188(a)(1)(A); 20 C.F.R. § 655.100(a)(1)(i).) An employer must seek certification from DOL before it can recruit H-2A foreign workers.

The employer first submits Form ETA-790/790A, called a "Job Order." (20 C.F.R. § 655.121(a).) DOL's implementing regulations define a "Job Order" as "[t]he document containing

---

[3] The Labor Commissioner moved this Court to dismiss Alco's and Betteravia's appeal of the order denying their stay request, arguing the ruling was not a separately appealable order. We denied the motion in our order dated October 3, 2023. (Code Civ. Proc., § 1294.2.)

the *material terms and conditions of employment* that is posted by the State Workforce Agency (SWA) on its interstate and intrastate job clearance systems based on the employer's Agricultural Clearance Order (Form ETA-790/ETA-790A and all appropriate addenda)." (20 C.F.R. § 655.103(b), italics added.) Any Job Order submitted to DOL by an employer must contain the following language: "This clearance order describes the actual terms and conditions of the employment being offered by me and contains all the material terms and conditions of the job." (*Id.*, § 653.501(c)(3)(viii).)

DOL transmits the Job Order to the State Workforce Agency (SWA) of each state in which the employer intends to use the workers. (20 C.F.R. § 655.150(a).) SWA places approved orders into a publicly accessible clearance system that domestic workers can use to apply for posted job openings. (*Id.*, § 655.121(f), (g).) Orders so posted are called "Clearance Orders." Employers must try to recruit from the domestic labor market and hire any "qualified, eligible U.S. worker who applies . . . until 50 percent of the period of the work contract has elapsed." (*Id.*, § 655.135(c), (d).)

The employer next submits a completed Form ETA-9142A, called an "Application for Temporary Employment Certification" (Application), along with "all supporting documentation and information." (20 C.F.R. § 655.130(a).) This must include a copy of the completed Job Order. (*Ibid.*) DOL reviews the Application together with the Job Order and notifies the applicant of any deficiencies. (*Id.*, §§ 655.140(a), 655.141.) It must grant or deny the Application "not later than 30 calendar days before the first date of need" for workers. (*Id.*, § 655.160.) DOL forwards certified Applications and Job Orders to United States Citizenship and Immigration Services. (*Id.*, § 655.162.)

5

Employers may then hire and admit foreign workers into the country on H-2A visas. (*Id.*, § 655.130.)

*Validity of Arbitration Agreement*

Alco and Betteravia contend the arbitration agreement signed by Guzman is enforceable under the Federal Arbitration Act and California law. They analogize this case to *Martinez-Gonzalez v. Elkhorn Packing Co.* (9th Cir. 2022) 25 F.4th 613 (*Elkhorn*), which compelled a worker to arbitrate even though his employer did not submit the arbitration agreement or its terms during the H-2A certification process. Alco and Betteravia request that we reverse the appealed orders and remand the case with directions to enter an order compelling Guzman's individual and PAGA claims to arbitration. We conclude the trial court properly declined to enforce the agreement.

The question on appeal is not, as Alco and Betteravia contend, "whether an H-2A employee may be compelled to arbitration." There are instead two questions: (1) whether mandatory arbitration was a "material term or condition" of Guzman's employment with Alco; and (2) if so, whether Alco disclosed this requirement in its H-2A certifications submissions to DOL. We answer "yes" to the first, and "no" to the second.

Alco's arbitration agreement required Guzman to forfeit his right to a jury trial in "any claim, dispute and/or controversy that [any] Employee may have against the Company . . . arising from, relating to or having any relationship or connection whatsoever with [or to the] Employee's . . . employment by, or other association with the Company . . . ." The arbitration agreement also prohibited him from participating in any class action claims against Alco. We consider the relinquishing of these rights as "material terms and conditions" of his employment. (See, e.g., *Lawrence v. Walzer & Gabrielson* (1989) 207 Cal.App.3d 1501,

1507, quoting *Main v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1977) 67 Cal.App.3d 19, 31 ["'[The] right to select a judicial forum, vis-a-vis arbitration, is a "'substantial right,'" not lightly to be deemed waived. [Citations.]'"].)

We next turn to whether Alco disclosed these terms and conditions during H-2A certification. The Job Orders submitted to DOL have lengthy addenda describing such things as work experience and physical requirements, the grounds for terminating a worker, training and production standards, and reimbursement of transportation costs. Alco's general manager, Jeremy MacKenzie, attested that the Yuma and Santa Maria Job Orders "describe[d] the actual terms and conditions of the employment being offered by me and contain[ed] all the material terms and conditions of the job." Its submissions mention nothing, however, about workers signing a separate, all-encompassing arbitration agreement when they reported to orientation. The agreement is thus unlawful and unenforceable. (See *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc.* (2018) 6 Cal.5th 59, 73, quoting Civ. Code, § 1667 ["a contract is unlawful, and therefore unenforceable, if it is '[c]ontrary to an express provision of law' or '[c]ontrary to the policy of express law, though not expressly prohibited'"].)

We do not find *Elkhorn* controlling or persuasive. The plaintiff-employee in that case challenged his employer's arbitration agreement as the product of undue influence and economic duress. The Ninth Circuit had no occasion to answer the questions presented here. "'[C]ases are not authority for propositions not considered.'" (*American Federation of Labor v. Unemployment Ins. Appeals Bd.* (1996) 13 Cal.4th 1017, 1039; *B.B. v. County of Los Angeles* (2020) 10 Cal.5th 1, 11.)

*Requests to Dismiss and Stay*

Alco and Betteravia request we direct the trial court to stay the Labor Commissioner's action and to stay or dismiss Guzman's non-individual claims pending arbitration. Our affirming the trial court's decision renders these requests moot. A recent amendment to the Labor Code limiting the effect of arbitration agreements to DOL enforcement actions is likewise irrelevant to this appeal.[4]

## DISPOSITION

Judgment is affirmed. Respondents shall recover their costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>

CODY, J.

We concur:

GILBERT, P. J.　　　　　BALTODANO, J.

---

[4] While this appeal was pending, Assembly Bill No. 594 (2023-2024 Reg. Sess.) § 2 added section 182 to the Labor Code, which states: "In any action initiated by a public prosecutor or the Labor Commissioner to enforce this code, any individual agreement between a worker and employer that purports to limit representative actions or to mandate private arbitration shall have no effect on the authority of the public prosecutor or the Labor Commissioner to enforce the code."

Timothy J. Staffel, Judge

Superior Court County of Santa Barbara

_____

Fisher & Phillips, Alden J. Parker, Rebecca Hause-Schultz, and Heather M. Domingo, for Defendants and Appellants Alco Harvesting, LLC, Betteravia Farms LLC, Betteravia Investments LLC, Bonita Packing Co., and Grubstake Investments LLC.

Workworld Law, Ruben Escobedo III, for Plaintiff and Respondent Edgar Cisneros.

California Rural Legal Assistance, Inc., Corrie L. Meals, Sandra Aguila, Ana Vicente de Castro, and Dennise Silva; Dawson Morton for Plaintiff and Respondent Jesus Guzman.

Division of Labor Standards Enforcement, Alec Segarich and Anel Flores, for Plaintiff and Respondent Lilia Garcia-Brower, Labor Commissioner.